IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BEJARAN, JR., ) | NO. 1:09-cv-02231 GSA PC |
| ) | |
| Plaintiff, ) | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| ) | |
| v. ) | |
| ) | |
| CDCR, ) | |
| ) | |
| Defendant. ) | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

On September 7, 2011, the Court sent to Plaintiff an order reassigning this case. On October 11, 2011, the order served on Plaintiff was returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is
> returned by the U.S. Postal Service, and if such plaintiff fails to

      notify the Court and opposing parties within sixty three days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty three days have passed since Plaintiff's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with plaintiff based on plaintiff's failure to keep the court apprised of his current address, no lesser sanction is feasible.

Accordingly, the court HEREBY ORDERS that this action be dismissed for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

**Dated:   December 12, 2011**              /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE