1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

JESSE BEJARAN, JR.,

              Plaintiff,

    v.

CDCR,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)

NO. 1:09-cv-02231 GSA PC

ORDER DISMISSING ACTION FOR
FAILURE TO PROSECUTE

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

On September 7, 2011, the Court sent to Plaintiff an order reassigning this case. On October 11, 2011,  the order served on Plaintiff was returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to

1    notify the Court and opposing parties within sixty three days
2    thereafter of a current address, the Court may dismiss the action
     without prejudice for failure to prosecute.

3    In the instant case, sixty three  days have passed since Plaintiff's mail was returned and he has not

4    notified the court of a current address.

5             In determining whether to dismiss an action for lack of prosecution, the court

6    must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)

7    the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

8    policy favoring disposition of cases on their merits; and (5) the availability of less drastic

9    sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d

10   1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this

11   litigation and the court's interest in managing the docket weigh in favor of dismissal.  The court

12   cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of his

13   address.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since

14   a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

15   action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

16   policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

17   of dismissal discussed herein.  Finally, given the court's inability to communicate with plaintiff

18   based on plaintiff's failure to keep the court apprised of his current address, no lesser sanction is

19   feasible.

20            Accordingly, the court HEREBY ORDERS that this action be dismissed for

21   Plaintiff's failure to prosecute.

22

23

24

25   IT IS SO ORDERED.

26   **Dated:   December 12, 2011**                    _____/s/ **Gary S. Austin**_____
                                                        UNITED STATES MAGISTRATE JUDGE
27

28                                              2