UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BEJARAN, JR., | 1:09-cv-02231-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| CDCR, | (Doc. 11.) |
| Defendant. | |

## I. BACKGROUND

Jesse Bejaran, Jr. ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 24, 2009. (Doc. 1.) On January 5, 2010, Plaintiff consented to Magistrate jurisdiction. (Doc. 4.) The case was dismissed on December 12, 2011, for Plaintiff's failure to prosecute. (Doc. 9.) On January 9, 2010, Plaintiff submitted a notice of change of address, a motion for reconsideration, and a motion for appointment of counsel. (Docs. 11, 12.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th

1

1  Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both
2  injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).
3  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or
4  different facts or circumstances are claimed to exist which did not exist or were not shown upon such
5  prior motion, or what other grounds exist for the motion."

6      "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless
7  the district court is presented with newly discovered evidence, committed clear error, or if there is an
8  intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,
9  571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party
10 seeking reconsideration must show more than a disagreement with the Court's decision, and
11 recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S.
12 v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

13     Plaintiff requests reconsideration of the Court's order dismissing this action, so he may "continue
14 in its pursuit." Motion at 2. Plaintiff cites issues with receiving his mail after being transferred to the
15 Deuel Vocational Institution (DVI) in Tracy, California on September 9, 2011, explaining that the CDC
16 (California Department of Corrections) did not forward any legal documents to him. Plaintiff also
17 requests appointment of counsel.

18     This case was dismissed on December 12, 2011 for failure to prosecute, based on Plaintiff's
19 failure to apprise the Court of his current address. The Court's mail, sent to Plaintiff at his address of
20 record at San Quentin State Prison, was returned by the U.S. Postal Service on October 11, 2011 as
21 undeliverable, and Plaintiff failed to submit a notice of change of address to the Court. Plaintiff
22 acknowledges that he was transferred to DVI on September 9, 2011. Pursuant to Local Rule 183(b), a
23 party appearing in propria persona, such as Plaintiff, is required to keep the Court apprised of his current
24 address at all times. L. R. 183(b).

25     Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with
26 new information of a strongly convincing nature, to induce the Court to reverse its prior decision.
27 ///
28

Therefore, Plaintiff's motion for reconsideration shall be denied, and Plaintiff's motion for appointment of counsel shall be denied as moot.[1]

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on January 9, 2012, is DENIED; and
2. Plaintiff's motion for appointment of counsel, filed on January 9, 2012, is DENIED as moot.

IT IS SO ORDERED.

Dated: **January 11, 2012**          /s/ Gary S. Austin
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that this case was dismissed without prejudice to commencing a new action.

3